**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) JAMES BEAVER,** | ) | |
| | ) | 17-cv-353-GKF-mjx |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| **(1) ENHANCED RECOVERY COMPANY, LLC,** | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, James Beaver, and for his Complaint against Defendant, Enhanced Recovery Company, LLC, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Enhanced Recovery Company, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.ABusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.     Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

6.      Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7.      Specifically, Plaintiff suffered a concrete injury to reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

## PARTIES

8. Plaintiff is a natural person who resides in Broken Arrow, County of Tulsa, Oklahoma.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Jacksonville, Florida.

12. Upon information and belief, Defendant uses interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. In February of 2017, Plaintiff checked his personal credit report and noticed an amount regarding a consumer debt that did not appear to be correct.

15. On February 21, 2017, Plaintiff placed a telephone call to Defendant advising Defendant that Plaintiff disputed the alleged debt, or words to that effect. Once Plaintiff disputed the amount of the debt, the Defendant's employee became abrasive and unreasonable, demanding that Plaintiff immediately identify records, and stating that he would wait on hold for two hours for Plaintiff to go to the attic to obtain them.

16. However, on February 24, 2017, Defendant reported the alleged debt to Plaintiff's credit reports, but failed to communicate that the debt was disputed by the Plaintiff over the phone.

17. On February 27, 2017, Defendant again reported the alleged debt to Plaintiff's credit reports, but again failed to communicate that the debt was disputed by the consumer Plaintiff over the phone.

18. On March 12, 2017, Defendant again reported the alleged debt to Plaintiff's credit reports, but again failed to communicate that the debt was disputed by the consumer Plaintiff over the phone.

19. On March 26, 2017, Defendant again reported the alleged debt to Plaintiff's credit reports, but again failed to communicate that the debt was disputed by the consumer Plaintiff over the phone.

20. On April 16, 2017, Defendant again reported the alleged debt to Plaintiff's credit reports, but again failed to communicate that the debt was disputed by the consumer Plaintiff over the phone.

21. On May 23, 2017, Defendant again reported the alleged debt to Plaintiff's credit reports, but again failed to communicate that the debt was disputed by the consumer Plaintiff over the phone.

22. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

23. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

24. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

26. On or by February 24, 2017, Defendant knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified Defendant of that dispute via telephone call.

27. Even though Defendant knew or should have known, prior to February 24, 2017, that Plaintiff disputed owing the alleged debt, Defendant failed to thereafter communicate the fact of Plaintiff's dispute to the credit reporting agencies to which Defendant communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

28. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of injury to reputation, anger and frustration, amongst other negative emotions.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

29. Defendant violated §1692e(8) of the FDCPA by failing to communicate that a

disputed debt is disputed to Plaintiff's credit reporting bureaus.

**WHEREFORE**, Plaintiff, James Beaver, respectfully prays that judgment be entered against Defendant, Enhanced Recovery Company, LLC, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
3724@paramount-law.net